No. 30,720.

R. E. Mosier, *Appellee*, v. The State Highway Commission, A. L. Cook, Frank Benbow, F. D. Meade and D. H. Hardman, doing business as Meade & Hardman, *Appellants*.

(16 P. 2d 477.)

Opinion filed December 10, 1932.

*Wint Smith,* assistant attorney-general, *Gale Moss,* of Topeka, *Eugene W. Davis,* of Liberal, *W..A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs,* all of Wichita, *Chas. M. Tucker* and *Chas. Vance,* both of Liberal, for the appellants.

*G. L. Light, H. A. Gaskill* and *Vincent G. Fleming,* all of Liberal, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by R. E. Mosier to recover damages from the state highway commission, A. L. Cook, Frank Benbow, and F. D. Meade and D. H. Hardman, copartners as Meade & Hardman, for injuries sustained by him when he drove his automobile into an unfinished culvert on a highway under construction. A verdict was rendered awarding plaintiff damages in the sum of $1,937.50, upon which judgment was rendered against all the defendants and from which they appeal.

State highway No. 45, leading from Moscow, in Stevens county, to Satanta, in Haskell county, on which there were a number of acute angles, had been established and used for a considerable time. Evidently with a view of making the highway more direct and shortening it, the commission determined to relocate and shorten a portion of the highway. A contract was let to A. L. Cook for the construction of the new cut-off between Moscow and Satanta, and he sublet the grading of the line to Frank Benbow, and the building of the culverts to Meade & Hardman. The project had been completed from its west end near the county line of Stevens

and Seward counties to a point eastward about seven-eighths of a mile, and for that distance the work of the contractors had been accepted, but the road had not been formally opened and no markers had been placed along that part of the project. It appears, however, that it had been traveled over to quite an extent to a point near the county line between Haskell and Seward counties. From that point some work had been done for a distance of about 360 feet farther, dirt had been thrown up which lay in piles up to within a few feet of the culvert where the accident occurred, and no work had been done beyond the culvert.

On December 20, 1930, the plaintiff, driving from New Mexico east on highway No. 45, approached the point where the highway turned north and where the new road under construction veered off in a northeasterly direction. On the approach to this turn in the old road there was first a sign, "Slow," then another sign, "Turn," and attached was an arrow pointing north, and then another sign, "45," to which was attached an arrow pointing north. The signs were plain and could be readily seen. The plaintiff drove past these signs and out upon the new road towards the unfinished culvert where the accident occurred. There were no signs directing travel over the new road, nor were there any signs that travel was not allowed on that road. There had been a barricade across the west end of the new road which had been knocked down. Posts on either side of the road were still standing, but the boards or planks which formed a part of the barrier were lying on the road. The plaintiff failed to turn as directed, but he had no difficulty in driving on the new road, over which there had been considerable travel, until he had traveled a distance of about seven-eighths of a mile, nor until he got within 360 feet of the open culvert. There he encountered piles of dirt as it had been lifted and dumped by a fresno on the proposed road. The dirt had not been leveled, and the place upon which it had been thrown was very rough and bumpy. Going down towards the culvert over this rough road there was a decline in the grade of about seventeen per cent, which prevented the lights on the automobile from revealing the unfinished culvert until the automobile was within sixty-five feet of the culvert. The lights and brakes of his car were in good condition, the plaintiff claimed that he made every effort to stop the car, but he went into the culvert and sustained severe injuries. At the time he was driving at a speed of from twenty-five to thirty miles an hour.

In answer to special questions the jury found that the lights on

the car enabled plaintiff to distinguish objects ahead of him a distance of 250 feet; that as he approached the culvert he could see it for a distance of sixty-five feet; that he was traveling at the time at from twenty-five to thirty miles per hour; that plaintiff could not, under the conditions existing and with reasonable care, have seen the culvert in time to have stopped, and they further found that the negligence of defendants was, "Lack of barricade or warning signs at road intersections."

A number of objections are raised to the judgment on the appeal by the several defendants, and as all of them are insisting that the plaintiff was guilty of contributory negligence, the conclusion we have reached on the latter ground renders it unnecessary to consider other contentions of defendants.

In our opinion plaintiff's negligence contributed to his injury in that he approached the open culvert over an obviously unfinished road at a speed of from twenty-five to thirty miles an hour. He could not drive the 360 feet over the piles of dirt without knowing that the road was unfinished and unsafe for travel and that he was imperiling his property and even his life; and to drive on through such manifest dangers, until he was so close to the culvert that he could not avoid running into it, cannot be considered as other than a reckless act. Indeed, plaintiff's act in leaving highway No. 45, marked as it was, and venturing out over the new road under construction, was in itself a lack of reasonable care for his own safety. He was advised by the signs that were plainly visible that at this point he should slow down, that he was approaching a curve and that he should turn north in order to continue on the road he was traveling over. There had been a barricade at the west end of the new road, but the boards had been knocked down. The posts with several broken boards attached remained and some splintered boards lay on the road between them. There was nothing there inviting travel over the new road. It is true that there were indications that there had been travel over the end of the new road, but the laborers on the road would necessarily have traveled over it. For three-fourths of a mile on that end of the new road the work of the contractors had been finished and their work accepted, but the road had not yet been regularly opened for public travel. The ignoring of the signs directing the traveler to turn north, and his driving on to the new road going in another direction over and past the residue of the barricade, cannot be regarded as the act of an ordinarily prudent person.

We rest our conclusion of his contributory negligence mainly on the reckless conduct of the plaintiff in driving over the 360 feet at the east end of the unfinished road. Even if the defendants were negligent in not placing signs there, the plaintiff was grossly negligent in driving over that part of the road at the speed mentioned. The piles of dirt here and there on the unfinished grade were sufficient warning to arrest the attention of any reasonably prudent person that the road was not intended for public travel and that he was going at his own risk. Some of the piles of dirt were eight or nine inches high and the prairie grass could be seen between them. Such grading as had been done extended only to within fifty feet of the culvert and it was out on the open prairie. The piles of dirt over which plaintiff drove were an effective warning to him that he had reached the end of the road and that he should take precautions for his own safety, but instead of doing so he recklessly drove on and the accident resulted. If he had taken reasonable precautions for his own safety the accident would have been averted. Upon his own testimony and evidence not in dispute, the plaintiff was guilty of negligence as a matter of law.

The judgment is therefore reversed and the cause remanded with directions to enter judgment in favor of defendants.